TRINITY NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY, Appellant,

v.

Thomas C. BOMAR and Vickie Darlene McQueen, Appellees.

No. 1167.

Court of Civil Appeals of Texas, Tyler.

Oct. 12, 1978.

Rehearing Denied Nov. 2, 1978.

Larry L. Gollaher, Thompson, Coe, Cousins & Irons, Dallas, for appellant.

E. B. Underwood, Ballinger, for appellees.

DUNAGAN, Chief Justice.

This is an appeal by Trinity National Life Insurance Company, appellant-insurer, from an adverse judgment rendered by the trial court in a suit filed by Thomas Bomar, insured, and his daughter, both appellees. The suit was upon two major medical insurance policies, one with a $5,000.00 limit of liability, and the other with a $5,000.00 deductible and a $15,000.00 limit, written at the same time as a package and in which the contractual provisions in issue are identical. The sole question presented by this appeal is whether the policies' provision which provides that dependent coverage terminated upon marriage is invalid under the terms of Article 3.70–7, Texas Insurance Code. It appears that we are presented with a case of first impression.

The facts were stipulated by the parties and the cause submitted to the trial court as an agreed case pursuant to Rule 263, T.R.C.P. The policies were first issued to Thomas Bomar with an effective date of July 10, 1975; premiums for the period of July 10, 1975 to July 10, 1976 were paid to and accepted by appellant-insurer. The following year, renewal premiums were paid to and accepted by appellant-insurer for the period of July 10, 1976 to July 10, 1977. The policies both contained the following provision which is the subject of this action:

"PART V

## LIMITATIONS

A. 'Dependent members of the Insured's family' as used in this policy means the dependent, *unmarried child or children* of the Insured who are under 18 * years of age, and the Insured's spouse, whose name is listed ·in the application or endorsed rider on this policy and are insurable in accordance with the general underwriting standards of the Company. *The coverage for any child terminates upon marriage* or attaining the age of 18 * years, nearest birthdate, except if authorized by Insured, full coverage may be continued provided an adult premium is paid beginning at premium-payment date nearest attaining age 18 * or upon marriage; however, (i) if Company accepts a premium after such date, the coverage provided by the policy will continue in force subject to any right of cancellation until the end of the period for which premium has been paid . . .." [Emphasis added.]

* "18 years of age" was amended by endorsement to read "twenty-four (24) years of age."

Vickie Bomar, Thomas Bomar's daughter who was an insured dependent, was subsequently married to Kenneth McQueen on July 17, 1976. She was later hospitalized for surgery and medical treatment from January 23, 1977 to February 23, 1977; medical and hospital expenses in excess of $10,000.00 were incurred. A claim for benefits was duly submitted to appellant-insurer who then first learned of Vickie Bomar McQueen's marriage. The claim for benefits was refused and appellant-insurer immediately attempted to retroactively delete Vickie Bomar from coverage under the policy, effective with the date of her marriage.

The trial court, after having approved and certified as correct the parties' agreed statement of facts, concluded that the policies' provision terminating dependent coverage upon marriage was invalid under Articles 3.70–4 and 3.70–7, Texas Insurance Code. Relying on Article 3.70–7, supra, the trial court held that the coverage of Vickie Bomar McQueen was effective at the time the medical, hospital, and doctor expenses were incurred and rendered a judgment that appellees recover $13,457.34.

■ Appellant has duly perfected this appeal, predicated upon a single point of error. It is appellant's contention that the trial court erred in holding that Article 3.70–7, supra, invalidated the provision here in question which terminated dependent coverage for any child upon marriage. We agree.

Article 3.70–4(B) of the Texas Insurance Code states that when a provision of an insurance policy conflicts with the applicable provisions of the Act, "the rights, duties and obligations of the insurer, the insured and the beneficiary shall be governed by the provisions of this Act." Appellees primary contention is that a conflict existed between Article 3.70–7, supra, and the policy limitation which terminated dependent coverage upon marriage. Article 3.70–7, supra, entitled "Age Limit," provides in part that:

"If any such policy contains a provision establishing, as an age limit or otherwise, a date after which the coverage provided by the policy will not be effective, and if such date falls within a period for which premium is accepted by the insurer or if the insurer accepts a premium after such date the coverage provided by the policy will continue in force subject to any right of·cancellation until the end of the period for which premium has been accepted."

Appellees argue, and the trial court so held, that the words "or otherwise" are broad enough to, and do include, the limitation of marriage as found in the policies here in question. This case, appellees assert, is the very type of situation which the Legislature intended to cover by enacting Article 3.70–7, supra. Since the marriage occurred during the policy period for which the premiums had been paid to and accepted by appellant-insurer, appellees conclude that the insurance coverage of Vickie Bomar McQueen was in effect at the time these losses were incurred.

In support of their position, appellees refer this Court to *Mercury Life Insurance Company v. Parker*, 354 S.W.2d 677 (Tex. Civ;App.—El Paso 1962, n. w. h.). This is the only case dealing with Article 3.70–7, supra, which has come to our attention. The case involves a suit to recover hospital benefits from the defendant insurance company which had issued a policy to the plaintiff-insured. The policy contained the specific limitation that no coverage would be afforded to persons over 60 years of age. On appeal from an adverse judgment in the trial court, defendant-insurer raised the defense that the insured was over 60 years of age. The Court of Civil Appeals expressly pointed out that the insured had truthfully and correctly stated her age but that the insurer had continued to receive and accept the premiums paid by insured "with *notice* of plaintiff's correct age . . . ." [Emphasis added.] The court then overruled appellant-insurer's point and cited Article 3.70–7 as authority. *Mercury Life Insurance Company v. Parker*, supra at 683. While the decision in *Mercury Life* is not directly on point with the question presented in the instant case, the rationale set forth by the court is significant.

The significance of *Mercury Life* is the court's express reliance on the concept of notice or knowledge. The doctrine of waiver is based upon notice or knowledge. Waiver is the intentional relinquishment of a known right or intentional conduct inconsistent with claiming such right. *Massachusetts Bonding & Insurance Company v. Orkin Exterminating Company,* 416 S.W.2d 396, 401 (Tex.Sup.1967); *Texas & Pacific Railway Company v. Wood,* 145 Tex. 534, 199 S.W.2d 652, 656 (Tex.Sup.1947); *New Amsterdam Casualty Company v. Hamblen,* 144 Tex. 306, 190 S.W.2d 56, 59 (Tex.Sup.1945). The operation of the waiver doctrine presupposes full knowledge of the existing right. *Massachusetts Bonding & Insurance Company v. Orkin Exterminating Company,* supra; *New Amsterdam Casualty Company v. Hamblen,* supra; *Wirtz v. Sovereign Camp, W.O.W.,* 114 Tex. 471, 268 S.W. 438, 441 (Tex.Sup.1925).

We do not believe Article 3.70–7, supra, is a departure from this well established case law but rather a codification and clarification of the Texas rule to be applied. As recognized by the court in *Mercury Life,* notice is still an important factor to be considered. In this context, a close examination of the last sentence of Article 3.70–7, supra, is enlightening as to the role of notice in the operation of this provision.

> "In the event the age of the insured has been misstated and if, according to the correct age of the insured, the coverage provided by the policy would not have become effective, or would have ceased prior to the acceptance of such premium or premiums, then the liability of the insurer shall be limited to the refund, upon request, of all premiums paid for the period not covered by the policy."

The Legislature thereby provided that in those cases where the age was misstated, and therefore the insurer would not have notice of the correct age, acceptance of the premium would not waive the policy coverage limitations as it did where no misstatement was involved.

The question before us is whether a marriage subsequent to acceptance of premiums falls within the scope and operation of Article 3.70–7, supra. Article 3.70–7 begins with the statement "[i]f any such policy contains a provision establishing, as an age limit or otherwise, *a date* after which the coverage provided by the policy will not be effective . . . ." [Emphasis added.] Age limits involve specific dates, foreseeable and capable of exact determination. Prior to acceptance of any premium, the insurer may decide whether coverage should be afforded the proposed insured. If the premium is accepted, with full knowledge of the facts, it is a relinquishment of the insurer's right to refuse coverage. Marriage involves no such "date" which is capable of anticipation or may be foreseen. It is merely a contemplated change in status until after the fact and may occur at any time. At the time appellant accepted the premiums involved in the instant case, there existed no facts upon which a waiver could be based. The policies' provision terminating dependent coverage upon marriage is inapposite to the situation addressed by Article 3.70–7, supra. We must conclude that the words "or otherwise" are not broad enough to include marriage and that no conflict existed between the policies' provision in question and the terms of Article 3.70–7. The dependent coverage terminated upon Vickie Bomar's marriage in accordance with the clear language of the policies.

Appellant's point of error is sustained. The judgment of the trial court is reversed and rendered declaring that appellees, Thomas C. Bomar and Vickie Darlene McQueen, recover nothing of appellant, Trinity National Life and Accident Insurance Company. Rule 434, T.R.C.P.

Reversed and rendered.