Thomas C. BOMAR et al., Petitioners,

v.

TRINITY NATIONAL LIFE AND ACCI-
DENT INSURANCE COMPANY,
Respondents.

No. B–8058.

Supreme Court of Texas.

March 28, 1979.

Rehearing Denied May 2, 1979.

E. B. Underwood, Thomas C. Bomar and
Vickie Darlene McQueen, Ballinger, for pe-
titioners.

Thompson, Coe, Cousins & Irons, Larry L.
Gollaher, Dallas, for respondents.

STEAKLEY, Justice.

Trinity National Life and Accident Insur-
ance Company, Respondents here and the
defendants below, issued two major medical
insurance policies to Thomas C. Bomar un-
der date of July 10, 1975. Renewal premi-
ums on the policies were paid and accepted
for the period of July 10, 1976, to July 10,
1977. Vickie Darlene McQueen, nee Vickie
Bomar, a daughter, was an insured depend-
ent. She was married on July 17, 1976, and
thereafter was hospitalized for surgery and
medical treatments from January 23, to
February 23, 1977. A claim for benefits
was refused by the Respondent insurance
company and this suit was instituted by
Thomas C. Bomar and his daughter.

In issue is the following limitation of
liability in each of the insurance policies:
PART V

LIMITATIONS

A. "Dependent members of the In-
sured's family" as used in this policy
means the dependent, *unmarried child or
children* of the Insured who are under 18
years of age, and the Insured's spouse,
whose name is listed in the application or
endorsed rider on this policy and are in-
surable in accordance with the general
underwriting standards of the Company.
*The coverage for any child terminates
upon marriage* or attaining the age of 18
years, nearest birthdate, except if autho-
rized by Insured, full coverage may be
continued provided an adult premium is

paid beginning at premium-payment date nearest attaining age 18 or upon marriage; however, (i) if Company accepts a premium after such date, the coverage provided by the policy will continue in force subject to any right of cancellation until the end of the period for which premium has been paid, . . . [Emphasis added.]

.    .    .    .

## ENDORSEMENT

In Part V, LIMITATIONS, Page 6, wherever the words "18 years of age" appear, the words "24 years of age" are to be substituted.

After trial upon an agreed statement of facts, the trial court ruled that the above provision terminating dependent coverage upon marriage was ineffective under Articles 3.70–4 and 3.70–7 of the Tex.Ins.Code Ann. (1963). Judgment was accordingly rendered for the father and daughter that they recover $13,457.34 from the insurance company. The Court of Civil Appeals was of the contrary view and rendered judgment reversing that of the trial court and declaring that the insured take nothing. 572 S.W.2d 790.

It is the position of the Respondent insurance company that upon her marriage Vickie ceased to be a dependent under the terms of the policies quoted above, and for this reason was not covered by the medical policies at the time of the hospitalization. Thomas Bomar and his daughter, Vickie, counter with the contention that the limitation of liability in such respects is ineffective under the provisions of Article 3.70–7.

Article 3.70–4(B) provides that the provisions of the Act govern when policy provisions conflict with any provision of the Act. Article 3.70–7 reads as follows:

> If any such policy contains a provision establishing, as an age limit *or otherwise,* a date after which the coverage provided by the policy will not be effective, *and* if such date falls within a period for which premium is accepted by the insurer or if the insurer accepts a premium after such date *the coverage provided by the policy will continue in force* subject to any right of cancellation until the end of the period for which premium has been accepted. (Italics are added.)

This statute provides that the coverage of the policy continues in force during a period for which premium has been accepted by the insurer if the policy contains a provision establishing a date after which the coverage provided by the policy will not be effective. This date can be an age limit, "or otherwise," i. e., a date established otherwise than by age. In construing the statute we cannot disregard the broadening phrase "or otherwise." It is generally presumed that every word in a statute is used for a purpose. *Jessen Associates, Inc. v. Bullock,* 531 S.W.2d 593 (Tex.1975); *Perkins v. State,* 367 S.W.2d 140 (Tex.1963); *Eddins-Walcher Butane Co. v. Calvert,* 156 Tex. 587, 298 S.W.2d 93 (1957). The policy limitation that "the coverage for any child terminates upon marriage" necessarily presupposes a date after which the coverage will no longer be effective, i. e., the date of the marriage. Indeed, there is no way in which the policy limitation of coverage to an unmarried dependent can become effective except upon this date, and this is a date established by the policies. The marriage of Vickie having occurred within a period for which premium had been accepted by the insurance company and the policy coverage having continued in force perforce the statute, the insurer is liable for the medical benefits. The trial court found these to be $13,457.34 and the correctness of this sum is not questioned.

The judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.