OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

October 3, 2001

The Honorable David Sibley
Chair, Business and Commerce Committee
Texas State Senate
P. O. Box 12068
Austin, Texas 78711

Opinion No. JC-0419

Re: Applicability of section 43.0761, Local Government Code, to business users of water and sanitary sewer services that have paid taxes to a water district (RQ-0373-JC)

Dear Senator Sibley:

You have requested that this office interpret the provisions of section 43.0761 of the Local Government Code, and in particular the statutory references to "household users" of water and sanitary utility service and to "owners of taxable property within the district." *See* TEX. LOC. GOV'T CODE ANN. § 43.0761 (Vernon 1999). The district at issue is defined by section 43.0761(e) as "a conservation and reclamation district of more than 10,000 acres that provides water and sanitary sewer utility service to households and parts of which are located in two or more municipalities, one of which has a population of more than 1.6 million." *Id.* 43.0761(e).

As we understand it, your request is prompted by the concerns of the owner of a restaurant and bar in Pasadena, Texas.[1] We are given to understand that while the restaurant owner is not a "household user" of water and sewer services in the ordinary sense of the phrase, the restaurant is taxable property in the district in question; that in fact its owner pays water and sewer taxes to the district, but receives no services from the district; that she also pays the city of Pasadena for such services; that the city has passed a resolution providing for the rebate to the relevant taxpayers of certain funds paid to it by the district pursuant to section 43.0761; that the district has not paid the city the amount it received from the restaurant owner on the apparent ground that a restaurant is not a household user; and that consequently, she has in effect paid twice for the same service.[2] This office does not find facts in the opinion process. However, no one appears to deny these assertions. We will therefore assume them *arguendo*, but we caution that our assumption is by no means a

---

[1]*See* Letter from Honorable David Sibley, Chair, Business and Commerce Committee, Texas State Senate, to Honorable John Cornyn, Texas Attorney General, at 1 (Mar. 28, 2001) (on file with Opinion Committee).

[2]*See* Letter from Bronwyn Zardanetta, Owner, Ernie's Restaurant & Bar, Pasadena, Texas, to Robert Peeler, Office of Honorable Mike Jackson, State Senator (Nov. 9, 2000) (on file with Opinion Committee).

finding of fact. Further, while we mention these facts as illustrative, our concern here is not the adjudication of any rights of the restaurant owner, but solely the question of statutory interpretation. We are concerned essentially with the measure of payments owed under section 43.0761(b) by the water district to the city.

Section 43.0761 of the Local Government Code provides, in relevant part:

> (a) A district existing on September 1, 1997, that, within 10 years after the date of its creation, has not provided water and sanitary sewer utility service from its facilities to all *household users* in its territory shall:
>
> > (1) provide water and sanitary sewer utility service from its facilities to all *household users* in its territory not later than September 1, 1998; or
> >
> > (2) for that part of the district for which the district does not provide water and sanitary sewer utility service, and for which a municipality does provide those services, provide for periodic payments, as described by Subsection (b), by the district to the municipality that provides the services.
>
> (b) Payments made under Subsection (a)(2) are operation and maintenance expenses of the district and shall be made at least every three months. The total annual amount of the payments may not exceed the lesser of:
>
> > (1) the total annual cost to the municipality of providing the water and sanitary sewer utility service, including both capital and operation and maintenance costs and expenses; or
> >
> > (2) the total annual amount of maintenance and operation taxes and debt service or bond taxes paid to the district by *the owners of taxable property* within the district that receive water and sanitary sewer utility service from the municipality.
>
> . . . .

TEX. LOC. GOV'T CODE ANN. § 43.0761(a), (b) (Vernon 1999) (emphasis added).

You have asked the meaning of the term "household user" in subsection (a). The term is not defined by the statute, and accordingly the Code Construction Act requires us to construe it "according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998). The Oxford English Dictionary defines "household" *inter alia* as "[t]he inmates of a house collectively; an organized family, including servants or attendants, dwelling in a house; a domestic establishment." VII OXFORD ENGLISH DICTIONARY 442 (2d ed. 1989). A "household" user of water and sewer services would, accordingly, be a residential user of such services, rather than a commercial establishment such as a restaurant.

We note that the phrase "household user" occurs in subsection (a) in the discussion of what apparently now is a condition contrary to fact. That is, the water district in question could, until September 1, 1998, have fulfilled its statutory obligations by providing water and sewer service to all household users in the district. We assume, given that payments are now being made by the district to the city of Pasadena, that the district did not do so.

The payments the district must make are calculated by one of two means. The district is, pursuant to subsection (b), obligated to pay the city either the annual cost to the city of providing the services, or the annual amount paid in taxes to the district by "the owners of taxable property" who receive water and sewer services from the city.

While we agree with the district that a commercial establishment such as a restaurant and bar is not within the ordinary meaning of "household user," the phrase "household user" is not found in subsection (b)'s enumeration of the methods of calculating payment. *See* TEX. GOV'T CODE ANN. § 43.0761(b) (Vernon 1999). The provision of water and sanitary sewer services to household users is the principal function of the district, as is clear from subsection (e)'s definition of the district. However, the district's failure to carry out that function triggers its repayment obligations under subsection (b); and in that subsection the legislature has chosen not to limit the obligation to payments made by household users, but has used a more expansive term. It is "generally presumed that every word in a statute is used for a purpose." *Bomar v. Trinity Nat'l Life & Accident Ins. Co.*, 579 S.W.2d 464, 465 (Tex. 1979).

We cannot determine which of the two methods of calculation would yield a lesser amount in the instant case, given that such a determination would require factual findings. However, should subsection (b)(2) provide the proper measure, the district's obligation according to the plain language of the statute is to pay the municipality the total amount of taxes paid to the district by "owners of taxable property," not by "household users."

"Property," for the purposes of the Tax Code is defined as "any matter or thing capable of private ownership." TEX. TAX CODE ANN. § 1.04(1) (Vernon Supp. 2001) ("Title 1, Property Tax Code"). Clearly a restaurant for these purposes may be taxable property. If the owner of the restaurant and bar in question is an owner of taxable property and has in fact paid such taxes to the

district for water and sewer services, and those services have been provided not by the district but by the city, then under subsection (b)(2) the district owes the city the total annual amount of such payments.

## SUMMARY

While a restaurant is not a "household user" of water and sewer services, the owner of a restaurant may be an "owner of taxable property" for the purposes of section 43.0761 of the Texas Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 43.0761 (Vernon 1999). Accordingly, the measure of payment mandated by section 43.0761(b)(2) of the Local Government Code, which is not limited to household users, includes such owners of taxable property as a restaurant owner. *See id.* § 43.0761(b)(2).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee